UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION



Eastern District of Kentucky
**FILED**

OCT 0 6 2010

AT FRANKFORT
LESLIE G. WHITMER
CLERK: U.S. DISTRICT COURT

Antoinette C. Taylor,

     Plaintiff,

vs.           Civil Case No. 3:10cv65 DCR

Peach Properties-Osprey Cove, LLC, d/b/a
BCGM Rentals, LLC, Chadwick A. Peach,
Bradley Scott Peach, and Lenee T.W. Peach,

     Defendant.

COMPLAINT FOR RETAILIATORY EVICTION IN VIOLATION OF THE
KENTUCKY UNIFORM RESIDENTIAL LANDLORD AND TENANT ACT OF 1974,
UNIFORM RESIDENTIAL LANDLORD AND TENANT ACT SECTIONS
5.101(A)(1)(2), 5.101(B) AND 2.104, THE KENTUCKY REVISED STATUES
(HEREAFTER "KRS") OF CHAPTER 383.000, THE FAIR HOUSING
AMENDMENTS ACT OF 1988 AS AMENDED (TITLE VIII OF THE 1968 CIVIL
RIGHTS ACT), SECTION 818 [42 U.S.C. 3617], CODE OF FEDERAL
REGULATIONS TITLE 24 SECTION 100.400, THE FIRST AND FOURTEENTH
AMENDMENT OF THE UNITED STATES CONSTITUTION AND UNDER THE
CIVIL RIGHTS ACT, 42 U.S.C. SECTION 1983, INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS, AND DEMAND FOR JURY TRIAL, AND INJUNCTIVE
RELIEF

   COME NOW, the PLAINTIFF, Antoinette C. Taylor, *pro se*, respectfully requests

this Court to issue Declaratory Judgment, Preliminary and Permanent Injunctive Relief

and Damages.  In support thereof, Plaintiff shows unto the Court as follows:

1.  This is a civil action for Declaratory, Preliminary and Permanent Injunctive

Relief, and other appropriate Relief, enjoining Defendants, Peach Properties-Osprey

Cove, LLC, d/b/a BCGM Rentals, LLC (hereafter "Peach Properties"),

Chadwick A. Peach (hereafter "Chad"), Bradley Scott Peach (hereafter "Brad"), and

Lenee T.W. Peach (hereafter "Lenee") brought by Plaintiff, Antoinette C. Taylor, a
United States citizen, appearing *pro se*. Plaintiff seeks Preliminary and Permanent
Injunctive Relief enjoining the above-styled Defendants from engaging in further
violations of her individual and associational rights under the Kentucky Uniform
Residential Landlord and Tenant Act (hereafter "KURLTA") of 1974, subparts
KRS 383.705 (1)(a)(2) (Retaliatory conduct) and KRS 383.655 (Tenant's remedies);
The Uniform Residential Landlord and Tenant Act (hereafter "URLTA") sections
5.101(a)(1)(2), 5.101(b) (Retaliatory conduct prohibited), and 2.104 (Retaliatory
eviction); the Fair Housing Amendments Act (hereafter "FHAA") as Amended (Title VIII
of the 1968 Civil Rights Act) section 818 [42 U.S.C. 3617] (Interference, coercion, or
intimidation); Code of Federal Regulations (hereafter "CFR") Title 24 section 100.400
(a)(b)(c)(1)(2)(4)(5) (Prohibited interference, coercion or intimidation); and the
Fourteenth Amendment to the United States Constitution, in violation of 42 U.S.C.
section 1983. An actual controversy exists between the parties, in that the challenged
actions of the DEFENDANTS have caused and will continue to cause the PLAINTIFF
substantial harms unless the requested relief is granted.

JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under KRS 383.540 (1), KRS 383.520, 42 U.S.C.
sections 3603, 3604, 3605, or 3606, 42 U.S.C. section 1983 et seq.; Title VIII of the Civil
Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42
U.S.C. section 3601 et seq.; 24 C.F.R. Part 100-103; Uniform Residential Landlord and
Tenant Act section 1.203, 5.101(a)(1)(b), and 4.107.

Page 2 of 17

3.    Venue is proper, because many of the relevant events occurred within Shelby
County in the Commonwealth of Kentucky, which is located within this District
(LR 3.1(2)(A). The amount in controversy is within the jurisdictional limits of this Court.

4.    Plaintiff's Federal and State law claims against the Defendants derive from a
common focus of operative fact and are of such character that Plaintiff would ordinarily
be expected to try them in one judicial proceedings. Consequently, this Court has
pendent jurisdiction over Plaintiff's State law claims against the Defendants.

5.    This is an action brought by a tenant for violations of the above named Acts in
connection with the landlord exercised the legal right to terminate a residential month-to-
month tenancy in an authorized manner by providing a 30-day written Notice to vacate
the premise, but with the willful motive of retaliating against the above styled tenant who
was not in default but who had exercised a legal right to obtain compliance with
requirements of habitability. Under the Uniform Residential Landlord and Tenant Act
sections 5.101(a)(1) and 5.101(a)(2), a landlord may not retaliate by increasing rent or
decreasing services by bringing or threatening to bring an action for possession after: (1)
the tenant has complained to a governmental agency charged with responsibility for
enforcement of a building or housing code of a violation applicable to the premises
materially affecting health and safety; and (2) the tenant has complained to the landlord of
a violation of the landlord's duty under the Act to maintain the premises. A copy of
Defendants' 30-day Notice to Vacate the premise is attached hereto and labeled Plaintiff's
Exhibit (hereafter "PX") A.

6.    Peach Properties is a full service community development firm specializing in

affordable homes, town homes, and condominiums in the Bluegrass and Central

Kentucky areas. Peach Properties are a second generation builders and developers in

business for 42 years in the Kentucky Capital Region since 1968. It is owned and

managed equally by Defendants Chadwick A. Peach, Lenee T. W. Peach, Bradley Scott

Peach; and partners Roy Gregory Peach, and Michael Anthony Peach.

PARTIES

7.      The Plaintiff is a natural person residing at 101 Gray Hawk Drive, Shelbyville

40065 within Shelby County in the Commonwealth of Kentucky. The Plaintiff is an

African-American female protected under Title VIII of the Civil Rights Act of 1968, as

amended by the Fair Housing Amendments Act of 1988 because of Plaintiff's race and

color.

8.      The Defendant Peach Properties is a limited liability company with the principle

place of business in the Bluegrass and Central Kentucky areas, may be served to the

Registered Agent and Defendant Chadwick A. Peach at 2576 Lawrenceburg Road,

Frankfort, Kentucky 40601.

9.      The Defendant Chadwick A. Peach was the president, managing partner, and

acted duly as an authorized agent and employee of Peach Properties, and was at all times

relevant to this complaint acting individually and on behalf of Peach Properties.

10.     The Defendant Bradley Scott Peach was the property owner, managing partner,

and acted duly as an authorized agent and employee of Peach Properties, and was at all

times relevant to this complaint acting individually and on behalf of Peach Properties.

11.     The Defendant Lenee T. W. Peach was the managing member and partner, and

Page 4 of 17

acted duly as an authorized agent and employee of Peach Properties, and was at all times relevant to this complaint acting individually and on behalf of Peach Properties.

12.     All Defendants are considered a "Landlord" which means the owners, lessor, or sublessor of the dwelling unit or the building of which it is a part, and it also means a manger of the premises who fails to disclose as required by KRS 383.585 under KRS 383.545 (5).

13.     The Plaintiff is considered a "tenant" who means a person entitled under rental agreement to occupy a dwelling unit to the exclusion of others under KRS 383.545 (15).

## FACTS

14.     Plaintiff rented an apartment from Peach Properties from April 30, 2008 during a period of one year extending from April 29, 2009 to a month-to-month tenancy. The apartment was located at 101 Gray Hawk Drive, Shelbyville, Kentucky (hereafter "the apartment"). A copy of lease is attached hereto and labeled PX B - 1 - 9.

15.     Plaintiff is therefore a "tenant" as defined by Kentucky Uniform Residential Landlord and Tenant Act.

16.     Defendants retaliated against Plaintiff for complaining to the City of Shelbyville Police Department (hereafter "SPD") who are charged with the responsibility for protecting the physical safety and health of residents, visitors, business community, and property in the City of Shelbyville located in Shelby County of the Commonwealth of Kentucky, including providing enforcement services of the Shelbyville - Nuisances, Article III. Noise Ordinance on April 14, 2010 (Incident Number KY 04141049), May 18, 2010, June 2, 2010, June 23, 2010 (two times), July 30, 2010, August 18, 2010,

September 9, 2010 (Complaint of Peach Properties construction workers and contractors blasting a stereo on rooftop of construction building, whereby the Plaintiff heard approximately 1/2 block away from her apartment), and September 14, 2010 in violation of KRS 383.705 (1)(a)(2) (Retaliatory conduct). A copy of Noise Ordinance is attached hereto and labeled PX C - 1 - 2.

17.     Defendants retaliated against Plaintiff for complaining to the Shelby County Animal Control and Shelter (hereafter "SCACS") who are charged with the responsibility for protecting the physical safety and general health of residents in the Shelby County community of the Commonwealth of Kentucky, including responding to citizens complaints, enforcing animal control ordinances and public health codes, and investigating code violations on September 7, 2010 in violation of KRS 383.705 (1)(a)(2) (Retaliatory conduct). A copy of Plaintiff's complaint to the Shelby County Animal Control Officer with personal information (e.g., Suspect name and home address) redacted is attached hereto and labeled PX D.

18.     Defendants retaliated against Plaintiff for complaining to the Shelby County Attorney (hereafter "SCA") who are charged with the responsibility as "gate keepers" for protecting the physical safety and health of residents, visitors, community businesses, and property in Shelby County of the Commonwealth of Kentucky, including representing a county, city or state criminal matters, enforcing Shelby County environment and health ordinance, and rectifying wrongdoing committed against the public on June 24, 2010 (Criminal Complaint #135), June 28, 2010 (Criminal Complaint #140), August 27, 2010 (Criminal Complaint #190), and

Page 6 of 17

September 14, 2010 (Criminal Complaint #202) in violation of KRS 383.705 (1)(a)(2)

(Retaliatory conduct). A copy of law enforcement incident reports (numbers 08261067

and 09121041) against Defendants' tenant and her guest for Terroristic Threatening, 3rd

Degree and Harassment with no physical contact is attached hereto and labeled PX

E 1 - 4.

19.      Defendants retaliated against Plaintiff for complaining to the City of Shelbyville

Building Inspector/Chief Code Enforcement Officer (hereafter "Building Inspector") who

are charged with the responsibility for protecting the public welfare, safety, and health of

residents, visitors, and community businesses in Shelby County of the Commonwealth of

Kentucky, including investigating complaints on the majority of the City of Shelbyville's

Ordinances (e.g., housing, health, and noise); performing field inspections pertaining to

the physical safety and health of persons, and inspecting rental property in violation of

City Ordinances including trash, cigarette butts on the ground, and dog poop on or about

September 9, 2010 in violation of KRS 383.705 (1)(a)(2) (Retaliatory conduct).

20.      Defendants retaliated against Plaintiff for complaining to the Landlord (hereafter

"Peach Properties") who are charged with the responsibility for protecting the physical

safety and health of tenants and their guests at the rental property located in

Shelby County of the Commonwealth of Kentucky, including abiding by the

Kentucky Uniform Residential Landlord and Tenant Act of 1974 (e.g., KRS Chapter

383), duties and standards imposed upon landlords; exercising reasonable care in the

selection and retention of tenants specifically if a tenant made threats to physically harm

another tenant, and diligently keeping common areas in a safe, clean, and secure

condition for its tenants starting on or about April 13, 2009 and thereafter before notice of

diminution of services in violation of KRS 383.705 (1)(b)(2) (Retaliatory conduct).

21.     Defendants retaliated against Plaintiff for complaining to the Landlord of

violations of the landlord's duty under the Uniform Residential Landlord and Tenant Act

of 1974, the Kentucky Uniform Residential Landlord and Tenant Act, KRS 383.590

(Keep all common areas of the premises in a clean and safe condition), KRS 383.545

(Adhere to all building and housing codes that affect health and safety), KRS 383.585

(Provide written notice of the names of the managers and owner of property),

KRS 383.610 (A lease cannot be changed without the tenant's consent), the

Fair Housing Amendments Act of 1988 (The Landlord cannot intimidate or threaten a

tenant who has exercised his or her rights under the Civil Rights Acts), and

KRS Chapter 383 to maintain the premise responds to complaints, and to treat all tenants

fairly regardless of race, color, and national origin.

22.     The Plaintiff is entitled to the remedies provided in the URLTA, KURLTA,

KRS Chapter 383, FHAA, and the Civil Rights Acts as defense in any retaliatory action

against him or her for possession if the landlord acted in violation of the above named

provisions.

23.     The Plaintiff made complaints of violations to governmental agencies, housing

authorities, and the landlord before notice proposed of diminution of services on or about

September 17, 2010 when the Plaintiff received notice from Defendants' attorney.

24.     The Plaintiff made complaints to the Landlord in good faith and that was related

to the month-to-month tenancy.

25.     The Plaintiff has performed or expressed intent to perform any other act for the sole purpose of asserting, protecting or invoking the protection of any right secured to tenants under any federal, state or local law.

26.     The Defendants intentionally and unreasonably interfered with and substantially impaired the enjoyment or use of the premises by the Plaintiff.

27.     The Plaintiff has never been in default of rent, noncompliance of the lease, or any other related circumstances on the premises.

28.     The Plaintiff has always paid rent in accordance with the lease agreement, KURLTA, and URLTA.

29.     The Defendants have discriminated against the Plaintiff because of her race and skin color, African-American.

30.     The Plaintiff has exercised her First Amendment rights of the United States Constitution.

31.     The Defendants engaged in bad faith, in a course of conduct that materially interfered with Plaintiff's rights under the Plaintiff's lease.

### COUNT 1 - VIOLATION OF THE KENTUCKY UNIFORM RESIDENTIAL LANDLORD AND TENANT ACT OF 1974

32.     The allegations of paragraphs 1 through 32 of this Complaint are re-alleged and incorporated by reference.

33.     The Defendants willfully and intentionally interfered with the Plaintiff's rights under the Plaintiff's lease agreement.

34.     The Defendants willfully and intentionally terminated the Plaintiff's month-to-

month tenancy for reporting of code violations to the city and county authorities, including the landlord.

35.     As a direct result of the Defendants' failure the Plaintiff was deprived of the use of the premises by terminating the Plaintiff's lease for reporting code and ordinance violations.

36.     As a direct result of the Defendants' failure the Plaintiff has suffered embarrassment, humiliation, and emotional distress.

## COUNT 2 - VIOLATION OF THE UNIFORM RESIDENTIAL LANDLORD AND TENANT ACT SECTIONS 5.101(A)(1)(2), 5.101(B) AND 2.104

37.     The allegations of paragraphs 1 through 32 of this Complaint are re-alleged and incorporated by reference.

38.     The Defendants willfully and intentionally interfered with the Plaintiff's rights under the Plaintiff's lease agreement.

39.     The Defendants willfully and intentionally terminated the Plaintiff's month-to-month tenancy for reporting of code violations to the city and county authorities, including the landlord.

40.     As a direct result of the Defendants' failure the Plaintiff was deprived of the use of the premises by terminating the Plaintiff's lease for reporting code and ordinance violations.

41.     As a direct result of the Defendants' failure the Plaintiff has suffered nervousness, loss of appetite, and loss of sleep.

## COUNT 3 - VIOLATION OF THE KENTUCKY REVISED STATUES (HEREAFTER "KRS") OF CHAPTER 383.000

42.     The allegations of paragraphs 1 through 32 of this Complaint are re-alleged and incorporated by reference.

43.     The Defendants willfully and intentionally interfered with the Plaintiff's rights under the Plaintiff's lease agreement.

44.     The Defendants willfully and intentionally terminated the Plaintiff's month-to-month tenancy for reporting of code violations to the city and county authorities, including the landlord.

45.     As a direct result of the Defendants' failure the Plaintiff was deprived of the use of the premises by terminating the Plaintiff's lease for reporting code and ordinance violations.

46.     As a direct result of the Defendants' failure the Plaintiff has suffered indigestion, unusual weight gain, and nausea.

COUNT 4 - VIOLATION OF THE KENTUCKY REVISED STATUES
(HEREAFTER "KRS") OF CHAPTER 383.000

47.     The allegations of paragraphs 1 through 32 of this Complaint are re-alleged and incorporated by reference.

48.     The Defendants willfully and intentionally interfered with the Plaintiff's rights under the Plaintiff's lease agreement.

49.     The Defendants willfully and intentionally terminated the Plaintiff's month-to-month tenancy for reporting of code violations to the city and county authorities, including the landlord.

50.     As a direct result of the Defendants' failure the Plaintiff was deprived of the use

Page 11 of 17

of the premises by terminating the Plaintiff's lease for reporting code and ordinance violations.

51.    As a direct result of the Defendants' failure the Plaintiff has incurred in finding another place to live, moving expenses and other related costs, and inconveniences.

## COUNT 5 - VIOLATION OF THE FAIR HOUSING AMENDMENTS ACT OF 1988 AS AMENDED (TITLE VIII OF THE 1968 CIVIL RIGHTS ACT), SECTION 818 [42 U.S.C. 3617]

52.    The allegations of paragraphs 1 through 32 of this Complaint are re-alleged and incorporated by reference.

53.    The Defendants willfully and intentionally interfered with the Plaintiff's rights under the Plaintiff's lease agreement.

54.    The Defendants willfully and intentionally terminated the Plaintiff's month-to-month tenancy for reporting of code violations to the city and county authorities, including the landlord.

55.    The Defendants willfully and intentionally imposed different terms and conditions and treated the Plaintiff differently with the provision of services because of her race and color, African-American.

56.    As a direct result of the Defendants' failure the Plaintiff was deprived of the use of the premises by terminating the Plaintiff's lease for reporting code and ordinance violations.

57.    As a direct result of the Defendants' failure the Plaintiff has suffered lasting emotional distress, depression, and frustration.

## COUNT 6 - VIOLATION OF THE CODE OF FEDERAL REGULATIONS TITLE 24 SECTION 100.400

Page 12 of 17

58.     The allegations of paragraphs 1 through 32 of this Complaint are re-alleged and incorporated by reference.

59.     The Defendants willfully and intentionally interfered with the Plaintiff's rights under the Plaintiff's lease agreement.

60.     The Defendants willfully and intentionally terminated the Plaintiff's month-to-month tenancy for reporting of code violations to the city and county authorities, including the landlord.

61.     The Defendants willfully and intentionally imposed different terms and conditions and treated the Plaintiff differently with the provision of services because of her race and color, African-American.

62.     As a direct result of the Defendants' failure the Plaintiff was deprived of the use of the premises by terminating the Plaintiff's lease for reporting code and ordinance violations.

63.     As a direct result of the Defendants' failure the Plaintiff has suffered resentment, humiliation, and shame.

## COUNT 7 - VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. SECTION 1983

64.     The allegations of paragraphs 1 through 32 of this Complaint are re-alleged and incorporated by reference.

65.     The Defendants willfully and intentionally interfered with the Plaintiff's rights under the Plaintiff's lease agreement.

66.     The Defendants willfully and intentionally terminated the Plaintiff's month-to-

month tenancy for reporting of code violations to the city and county authorities, including the landlord.

67.     The Defendants willfully and intentionally imposed different terms and conditions and treated the Plaintiff differently with the provision of services because of her race and color, African-American.

68.     As a direct result of the Defendants' failure the Plaintiff was deprived of the use of the premises by terminating the Plaintiff's lease for reporting code and ordinance violations.

69.     As a direct result of the Defendants' failure the Plaintiff has incurred medical treatment, physical symptoms accompanied by the emotional distress, and increased rental expenses and living costs.

COUNT 8 - INTENTIONAL INFLICTION OF<br/>EMOTIONAL DISTRESS

70.     The allegations of paragraphs 1 through 32 of this Complaint are re-alleged and incorporated by reference.

71.     The Defendants willfully and intentionally interfered with the Plaintiff's rights under the Plaintiff's lease agreement.

72.     The Defendants willfully and intentionally terminated the Plaintiff's month-to-month tenancy for reporting of code violations to the city and county authorities, including the landlord.

73.     The Defendants willfully and intentionally imposed different terms and conditions and treated the Plaintiff differently with the provision of services because of her race and

Page 14 of 17

color, African-American.

74.     The Defendants intended to and did inflict severe emotional distress upon the

Plaintiff by engaging in actions that intended to harass, belittle, confuse, mislead, and

threaten the Plaintiff, the purpose of which was to intimidate and coerce the Plaintiff into

moving from the apartment located at 101 Gray Hawk Drive, Shelbyville, Kentucky.

75.     The Defendants attempted to take advantage of the Plaintiff reasonably unable to

pay for moving expenses, unable to protect her interest because of an assumed ignorance

and an inability to understand the legal issues and factors involved, and therefore acted

with unconscionable intent.

76.     As a direct result of the Defendants' failure the Plaintiff was deprived of the use

of the premises by terminating the Plaintiff's lease for reporting code and ordinance

violations.

77.     As a direct result of the Defendants' failure the Plaintiff has suffered from lasting

embarrassment, humiliation, and emotional distress.

## REQUESTED RELIEF

WHEREFORE, the Plaintiff respectfully requests relief as follows:

(A)     For preliminary and permanent injunctive relief, enjoining all of the named

Defendants from engaging in further violations of the Acts.

(B)     Attempting to place the Plaintiff on any "deadbeat," list or attempting in

anyway to impugn the Plaintiff's reputation as a tenant or as a citizen in the Shelbyville

community in connection with any and all housing.

(C)     For an order awarding actual damages in the following amount:

Page 15 of 17

        1.       Against Peach Properties, in the amount of $2000.

    (D)     For an order awarding statutory damages in the following amounts:

        1.       Against Peach Properties for the violations of the URLTA,

KURLTA, CFR, FHAA, and KRS in the amount of $7500.

        2.       Against Chadwick A. Peach for the violations of the URLTA,

KURLTA, CFR, FHAA, and KRS in the amount of $5000.

        3.       Against Bradley Scott Peach for the violations of the URLTA,

KURLTA, CFR, FHAA, and KRS in the amount of $5000.

        4.       Against Lenee T.W. Peach for the violations of the URLTA,

KURLTA, CFR, FHAA, and KRS in the amount of $5000.

    (E)     For an order awarding punitive damages as follows:

        1.       Against Peach Properties, in the amount of $20,000.

        2.       Against Chadwick A. Peach, in the amount of $1500

        3.       Against Bradley Scott Peach, in the amount of $1500

        4.       Against Lenee T.W. Peach, in the amount of $1500

      And for such other and further relief as the Court deems just and proper

under the circumstances.

      Please take Notice that Plaintiff demands trial by jury in this action.

                                           Antoinette C. Taylor, Plaintiff in *Pro Se*
                                         101 Gray Hawk Drive
                                         Shelbyville, Kentucky 40065
                                         502.437.5375

**DATE:** October 5, 2010

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was served by U.S. Marshal's on this _____ day of _____, 2010, to the following:

Chadwick A. Peach,
Registered Agent for
Peach Properties-Osprey Cove, LLC d/b/a
BCGM Rentals, LLC,
Bradley Scott Peach, and
Lenee T.W. Peach
2576 Lawrenceburg Road
Frankfort, Kentucky 40601