UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| ANTOINETTE C. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 10-65-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| PEACH PROPERTIES-OSPREY | ) | **MEMORANDUM OPINION** |
| COVE, LLC, d/b/a BCGM RENTALS, | ) | **AND ORDER** |
| LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for screening in accordance with 28 U.S.C. § 1915. [Record No. 3] Plaintiff Antoinette C. Taylor filed this complaint against her landlord, Peach Properties-Osprey Cove, LLC, doing business as BCGM Rentals, LLC ("BCGM"), and other defendants, alleging violations of the Fair Housing Act, 42 U.S.C. § 1983, and other statutes. Taylor's Complaint seeks declaratory and injunctive relief as well as monetary damages. At this preliminary stage, the Court will dismiss Taylor's claim for preliminary injunctive relief pursuant to 28 U.S.C. § 1915(e)(2).

**I.  Background**

In April 2008, Taylor entered into a one year lease with BCGM. The lease began April 30, 2008, and ended April 29, 2009. Since the written lease expired in April 2009, Taylor has

continued to reside at and rent the residence on a month-to-month basis.[1]  Section SS of the lease explains that, when the lease terminated, Taylor was required to give BCGM 30 days notice prior to vacating the premises.  Taylor never provided such notice, as she still resides at the premises. By letter, dated September 15, 2010, BCGM gave Taylor notice that it was terminating her month-to-month tenancy and requested that she vacate the premises by October 31, 2010.

In response to the September 15, 2010 letter, Taylor filed this action.  Taylor acknowledges that BCGM gave her 30 days notice to vacate the premises.  However, she claims that BCGM's decision to terminate her lease was retaliatory, in response to her complaints to: (1) the City of Shelbyville Police Department; (2) the Shelby County Animal Control and Shelter; (3) the Shelby County Attorney; (4) the City of Shelbyville Building Inspector/Chief Code Enforcement Officer; and (5) BCGM itself.  Taylor claims she contacted each of these parties to report violations of city and state codes and ordinances.  Taylor alleges that BCGM's notice was motivated by retaliation for these complaints, discrimination against her on the basis of her race and skin color, and in violation of her First Amendment rights.  Taylor also claims that the defendants acted in bad faith, "in a course of conduct that materially interfered with Plaintiff's rights under the Plaintiff's lease."  [Record No. 3, ¶ 31]

Taylor seeks compensatory damages and preliminary and permanent injunctive relief. She requests that all of the defendants be enjoined "from engaging in further violations of the Acts."  [Record No. 1, p. 15]  Taylor also requests that the defendants be enjoined from "[a]ttempting to place the Plaintiff on any 'deadbeat,' list or attempting in any way to impugn

---

[1] On this date, Taylor filed a Notice of Address Change with the Court. [Record No. 7] However, she has not amended her Complaint insofar as it seeks injunctive relief.

the Plaintiff's reputation as a tenant or as a citizen in the Shelbyville community in connection with any and all housing." [*Id.*]

**II.     Analysis**

When a claimant proceeds *pro se*, the Court liberally construes her pleading and holds the complaint to a less stringent standard than a similar pleading drafted by attorneys. *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). This lower standard does not, however, mean that a *pro se* plaintiff is entitled to bring every case to trial. *Id.* (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)). Taylor did not explain the specific type of preliminary injunctive relief she requested. However, she filed her complaint on October 6, 2010, prior to BCGM's October 31 deadline for her to vacate. In liberally construing the complaint, the Court will assume Taylor intended to request the court to enjoin BCGM from terminating her month-to-month lease. However, Taylor did not allege sufficient facts to support a claim for such relief.

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). In deciding whether the circumstances demand a preliminary injunction, the Court must "weigh carefully the interests on both sides." *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975). The Sixth Circuit has developed a well-settled, four-factor test to direct the

Court's inquiry. *See, e.g., Int'l Longshoremen's Ass'n v. Norfolk Southern Corp.*, 927 F.2d 900, 903 (6th Cir. 1991), *cert. denied,* 112 S. Ct. 63 (1991). The Court should consider: (1) whether there is a strong or substantial likelihood of success on the merits; (2) whether an injunction is necessary to prevent irreparable harm to the plaintiff; (3) whether granting the injunction will cause harm to others, including the defendant; and (4) whether the public interest favors granting the injunction. *Id.* There is no rigid formality required in applying these factors and they need not be given equal weight, they are meant to guide the Court in exercising its discretion. *In re Eagle-Pitcher Indus., Inc.,* 963 F.2d 855, 859 (6th Cir. 1992). The plaintiff bears the burden of proving that an injunction is proper. *See Overstreet*, 305 F.3d at 573.

Taylor has failed to show that she will suffer irreparable harm without a preliminary injunction. Courts have explained that this is the single most important prerequisite that the Court must examine when ruling upon a motion for a preliminary injunction. *See Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983); *see also Lexington-Fayette Urban County Gov't v. Bellsouth Telcoms., Inc.*, 14 Fed. Appx. 636, 639 (6th Cir. 2001). Without a showing of irreparable injury, the underlying purpose for a preliminary injunction is lost.

None of the facts asserted in Taylor's complaint support a finding that she will suffer irreparable harm in the absence of injunctive relief. Taylor merely claims that if she is required to vacate her present residence she will incur increased rental expenses and living costs. In other words, Taylor's alleged injury is that she will have to spend more money. It is well-settled that a party is not entitled to injunctive relief if its injury is fully compensable by monetary damages. *Overstreet*, 305 F.3d at 578 (citing *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir.

1992)); *Performance Unlimited v. Questar Publishers*, 52 F.3d 1373, 1382 (6th Cir. 1995) ("As a general rule, a movant has not established irreparable harm where damages would adequately compensate the movant for the asserted harm." (internal citations omitted)). An injury is compensable by monetary damages if there is some method by which the court can calculate the damages resulting from the party's injury and the amount of damages is adequate to remedy the injury. *See Basicomputer*, 973 F.2d at 511. In this case, Taylor's injuries — increased rent and moving costs — are wholly compensable by money damages. Therefore, Taylor has failed to show that by vacating her current residence she will be irreparably injured. Without a showing of irreparable injury, the Court finds no justification for issuing a preliminary injunction.

### III. Conclusion

A liberal construction of Taylor's complaint indicates that she has made a request to preliminarily enjoin BCGM from terminating her month-to-month lease. However, Taylor has failed to show that such termination would cause her irreparable injury. When an injury is fully compensable by monetary damages, a preliminary injunction is improper. Accordingly, it is hereby

**ORDERED** that Plaintiff Antoinette Taylor's request to preliminarily enjoin BCGM from terminating her lease is **DENIED**.

This 22nd day of October, 2010.



Signed By:
*Danny C. Reeves* DCR
United States District Judge